## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
_____

**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS HEALTH FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS VACATION FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS TRAINING FUND,**
**LABOR MANAGEMENT COOPERATIVE TRUST FUND, and**
**JERRY SHEA (in his capacity as Trustee),**

**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS,**

**CONTRACT ADMINISTRATION FUND,**

                    **Plaintiffs,**

        **v.**                                              **Case No. 21-cv-285**

**STEEL ROCK COMMERCIAL LLC**

                    **Defendant.**
_____

### COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Alex

J. Sterling and Christopher J. Ahrens, and as and for a cause of action against the

Defendant, allege and show to the court the following:

### Jurisdiction and Venue

1.      Jurisdiction of this Court upon Defendant Steel Rock Commercial LLC is

founded upon section 502 of the Employee Retirement Income Security Act of 1974

("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's

violation of a collective bargaining agreement, trust plans and trust agreements, and said

Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and the common law of the State of Wisconsin.

2.    Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Plaintiff Funds and Union are administered in Eau Claire County, Wisconsin.

### Parties

3.    Plaintiffs North Central States Regional Council of Carpenters Health Fund, North Central States Regional Council of Carpenters Vacation Fund, North Central States Regional Council of Carpenters Training Fund, and Labor Management Cooperation Trust Fund are employee benefit plans within the meaning of ERISA Sections 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said Plans maintain a mailing address at P.O. Box 4002, Eau Claire, WI 54702.

4.    Plaintiff Jerry Shea is a trustee and fiduciary of the North Central States Regional Council of Carpenters' Fringe Benefit Funds, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. §1002, et seq.) and as such has standing to be a plaintiff in this action.  Mr. Shea maintains an office at Market & Johnson, Inc., 2350 Galloway Street, Eau Claire, Wisconsin 54702.

5.    Plaintiff North Central States Regional Council of Carpenters is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings the action on behalf of the participants and members of the organization for whom it collects working

dues. Said labor organization maintains an office at N2216 Bodde Road, Kaukauna, WI 54130.

6.     Plaintiff Contract Administration Fund is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)). It brings this action on behalf of the Trustees, participants, and beneficiaries of said organization and maintains offices at P.O. Box 507, Brookfield, Wisconsin 53008.

7.     Defendant Steel Rock Commercial LLC (Hereafter "Steel Rock") is a domestic limited liability company, engaged in business, with principal offices located at 135 South 84th Street, Suite 110, Milwaukee, WI 53214.  Its registered agent for service of process is Steel Rock Corp., 135 South 84th Street, Suite 110, Milwaukee, WI 53214.

## Facts

8.     Steel Rock is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

9.     For all times relevant, Steel Rock was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") with the North Central States Regional Council of Carpenters ("Union").

10.     The Union represents, for purposes of collective bargaining, certain Steel Rock employees and employees of other employers in industries affecting interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

11.     The Labor Agreements described herein contain provisions whereby Steel Rock agreed to make timely payments to the Plaintiff benefit funds (hereafter the "Funds") for each employee covered by said Labor Agreements.

12.     By execution of said Labor Agreements, Steel Rock adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

13.     By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Steel Rock has agreed as follows:

a.     to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

b.     to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

c.     to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

d.   to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

e.   to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions;

f.   to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

g.   to provide access to all books and records necessary to perform regular audits of Steel Rock's contributions to the Funds.

14.   Steel Rock has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to:

a.   making regular and timely payments to the Funds; and

b.   refusing to allow Plaintiffs' auditor access to books and records necessary to perform an audit billing.

15.   ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2)   In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)   the unpaid contributions,

(B)   interest on the unpaid contributions,

(C)   an amount equal to the greater of --

(i)     interest on the unpaid contributions, or

(ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

16.     ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

17.     Despite demands that Steel Rock perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to make its required payments. Steel Rock is now indebted to the Plaintiffs as follows:

**Audited period July 1, 2019 to February 28, 2021:**

| | |
|---|---|
| North Central States Regional Council of Carpenters Health Fund | $11,819.89 |
| North Central States Regional Council of Carpenters Vacation Fund | 946.50 |
| North Central States Regional Council of Carpenters Training Fund | 783.65 |
| Labor Management Cooperative Trust Fund | 100.67 |
| North Central States Regional Council of Carpenters (Dues) | 1,091.59 |
| Contract Administration Fund | 139.82 |

## Claim One - Against Defendant Steel Rock Commercial LLC, for
## Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

18.     As and for a claim for relief against Defendant Steel Rock, the Plaintiffs each and every allegation contained in paragraphs 1 through 17 above and incorporate the same as though fully set forth herein word for word.

19.     For purposes of this claim (Claim One) the North Central States Regional Council of Carpenters Health Fund, North Central States Regional Council of Carpenters Training Fund, Labor Management Cooperative Trust Fund, and North Central States Regional Council of Carpenters Vacation Fund are hereinafter referred to as the "Carpenters' Funds."

20.     Due demand has been made by the Carpenters' Funds upon Steel Rock for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

21.     Because, as the Carpenters' Funds are informed and believe, Steel Rock has not made timely and prompt contributions on behalf of all covered employees, the corpus of each Carpenters' Fund is reduced, the Carpenters' Funds incomes are reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and Plaintiffs' employee benefit plans have been violated, and the Carpenters' Funds are entitled to all of the remedies provided by ERISA.

22.     Because Steel Rock has failed to make timely and prompt contributions, some of the Carpenters' Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would

suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1.    Judgment on behalf of the Carpenters' Funds and against Steel Rock:

    A.    For $13,650.71 in unpaid contributions, interest, and liquidated damages owed to the Carpenters' Funds for the audit period July 1, 2019 to February 28, 2021;

    B.    For unpaid contributions, interest, and liquidated damages owed to the Carpenters' Funds for the period March 1, 2021 through the date this action was commenced;

    C.    For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D.    Actual attorney fees and the costs of this action.

2.    For such other, further or different relief as the Court deems just and proper.

### Claim Two Against Steel Rock Commercial LLC
### Violation of LMRA § 301 (29 USC § 185)

23.    As for a second claim for relief against Steel Rock, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 22 above and incorporate same as though fully set forth herein word for word.

24.    Due demand has been made upon Steel Rock for payment of all working dues owed to the Union and contributions owed to the Contracts Administration Fund, but said Defendant has refused to pay them, and amounts remain due and owing.

25.     Because, as the Contract Administration Fund and Union are informed and believe, Steel Rock has not paid timely and prompt working dues on behalf of union members and contributions to the Contract Administration Fund, the Union's and Fund's incomes are reduced and their members may be forced to pay working dues and contributions out of pocket, even though said amounts may have already been deducted from their paychecks by the Defendant. Consequently, LMRA has been violated, and the Fund and Union are entitled to all of the remedies provided by LMRA,

**WHEREFORE**, the Fund and Union demand the following relief:

1.     Judgment on behalf of the Fund and Union and against Steel Rock as follows:

A.     For $1,231.41, representing unpaid dues and contributions owed to the Union and Contract Administration Fund for the audit covering July 1, 2019 through February 28, 2021;

C.     For unpaid dues owed to the Union and contributions owed to the Contract Administration Fund for the period March 1, 2021 through the date this action was commenced;

D.     For unpaid dues owed to the Union and contributions to the Contract Administration Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

E.     Actual attorney fees and the costs of this action.

2.     For such other, further, or different relief as the Court deems just and proper.

Dated this 27th day of April, 2021.

/s/Alex J. Sterling

Alex J. Sterling (SBN:1107931)
Christopher J. Ahrens (SBN:1043237)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-223-0417 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com
Attorneys for the Plaintiffs