IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORTH CENTRAL REGIONAL COUNCIL OF
CARPENTERS HEALTH FUND,
NORTH CENTRAL STATES REGIONAL COUNCIL
OF CARPENTERS VACATION FUND,
NORTH CENTRAL STATES REGIONAL COUNCIL
OF CARPENTERS TRAINING FUND,
LABOR MANAGEMENT COOPERATIVE TRUST
FUND, JERRY SHEA, NORTH CENTRAL STATES
REGIONAL COUNCIL OF CARPENTERS, and
CONTRACT ADMINISTRATION FUND,

       Plaintiff,
v.

                                            Case No.: 21-cv-285

STEEL ROCK COMMERCIAL LLC,

       Defendant.

---

DENIAL OF ENTRY OF DEFAULT

---

Plaintiffs request that I enter default against defendant Steel Rock Commercial LLC pursuant to Federal Rule of Civil Procedure 55(a).  Plaintiffs support their request with two affidavits of reasonable diligence from Professional Process Servers.  The process servers attempted service at 135 S. 84th St., Suite 110, Milwaukee, WI, an address at which defendant was previously served.  *Building Trades United Pension Fund et al v. Steel Rock Commercial LLC*, 20-cv-1074-jdp.  Service was attempted at this address on four separate occasions but none of those attempts were successful.  Service was also attempted at N699 Silver Creek Cascade Rd., Random Lake, Wisconsin.  The current resident stated that the defendant did not reside at that address.

      When personal service could not be obtained, plaintiffs mailed the summons and

complaint by certified mail, return receipt requested. The certified mail was returned undeliverable with no forwarding address provided.

Plaintiffs should have sought permission from the court before they used an alternative method of service. *Cf. Cunningham v. Montes*, 883 F.3d 688, 689 (7th Cir. 2018) ("[W]hen 'reasonable diligence' has not succeeded in producing service in hand, then a court may authorize service by publication"); *Wisconsin Laborers Health Fund et al v. Forward Contractors, LLC* et. al., No. 19-cv-465-jdp, Dkt. 24 (W.D. Wis. Sept. 5, 2019) (denying default motion filed by the law firm representing the plaintiffs in this case in part because counsel didn't seek court approval for alternative service).

Plaintiffs' motion for entry of default is denied without prejudice. Plaintiffs may have until October 25, 2021 to file a motion for leave to serve the defendant by alternative means.

Dated this 23rd day of September, 2021.

s/ Peter Oppeneer
PETER OPPENEER
Clerk of Court
United States District Court
Western District of Wisconsin